# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2613-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AUDBERTO EGIPCIACO,

    Defendant-Appellant.

_____

        Submitted February 5, 2026 – Decided April 28, 2026

        Before Judges Bishop-Thompson and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 01-04-1277.

        Audberto Egipciaco, self-represented appellant.

        Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Audberto Egipciaco appeals from the March 11, 2025 Law Division order denying his third petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2003, defendant was convicted by a jury on twelve counts of a fourteen-count indictment for first-degree armed robbery, N.J.S.A. 2C:15-1 (counts one, two, and eleven); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count three); second-degree burglary, N.J.S.A. 2C:18-2 (count five); endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (counts seven and eight); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts nine and ten); criminal restraint, N.J.S.A. 2C:13-2(a) (counts twelve, thirteen, and fourteen). The charges for third-degree aggravated assault (count four) and fourth-degree aggravated assault (count six) were dismissed by the State before trial. Defendant was sentenced to an aggregate term of sixty-five years, with a twenty-nine-year parole disqualifier.

We affirmed defendant's conviction on direct appeal. State v. Egipciaco (Egipciaco I), No. A-0827-03 (App. Div. Feb. 7, 2006) (slip op. at 20). However, we vacated his sentence and remanded for resentencing pursuant to State v. Natale, 184 N.J. 458 (2005). Id. at 19. The Supreme Court denied

2

certification.  State v. Egipciaco, 188 N.J. 270 (2006).  Defendant was subsequently resentenced to the same sixty-five-year term.

We affirmed the re-imposed sentence on the sentencing oral argument calendar on July 24, 2007.  The Supreme Court subsequently denied certification.  State v. Egipciaco, 193 N.J. 221 (2007).

Defendant filed his first PCR petition while his direct appeal was pending; however, it was dismissed without prejudice.  He then re-filed his petition after we issued our opinion.  We affirmed the PCR court's denial of the petition.  State v. Egipciaco (Egipciaco II), No. A-3812-09 (App. Div. Sept. 26, 2011), cert. denied, 210 N.J. 109 (2012).

Defendant next filed a petition for writ of habeas corpus, which was denied.  Egipciaco v. Warren, No. 12-4718, 2015 U.S. Dist. LEXIS 22453 (D.N.J. Feb. 25, 2015).  The Third Circuit Court of Appeals denied defendant's application for a certificate of appealability.  Egipciaco v. Adm'r N.J. State Prison, No. 15-1772, 2015 U.S. App. LEXIS 23456 (3d Cir. Oct. 21, 2015).  Defendant moved for relief from judgment, and the District Court denied the motion.  Egipciaco v. Warren, No. 12-4718, 2016 U.S. Dist. LEXIS 99131 (D.N.J. July 28, 2016).  The Third Circuit denied defendant's application for a

certificate of appealability.  Egipciaco v. Adm'r N.J. State Prison, No. 16-3532, 2016 U.S. App. LEXIS 23935 (3d Cir. Dec. 5, 2016).

In February 2017, defendant moved to correct an illegal sentence, which the court determined constituted his second PCR petition.  Again, we affirmed the PCR court's denial of the petition.  State v. Egipciaco (Egipciaco III), No. A-3746-16 (Jan. 30, 2019), certif. denied, 237 N.J. 423 (2019).

Defendant's third PCR petition was filed in October 2024, sixty-eight months after our decision in Egipciaco III.  In the petition, he sought dismissal of the indictment and acquittal of all charges, or, in the alternative, remand for a new trial.  He again challenged his sentence as illegal.

On March 11, 2025, the PCR court denied defendant's third petition.  The court outlined the extensive procedural history and applicable law.  It found most of defendant's allegations—failure to provide proper jury instructions, fraud on the court, alteration of the jury verdict after deliberations, the trial judge acting as the thirteenth juror, the wrong victim being named in the indictment, and the illegal sentence—had already been raised and addressed on direct appeal.  Accordingly, the court concluded these claims were either procedurally barred under Rule 3:22-12(a)(2), already adjudicated on the merits under Rule 3:22-5, or deemed waived citing our prior decisions.  In regard to the alleged

4

structural errors, the PCR court found defendant made unsupported bald assertions, lacking any legally competent evidence.

## II.

Defendant raises the following issues for our consideration:

> POINT I: CHARGING CONFERENCE DISCLOSURE OF LACK OF WEAPON EVIDENCE.
>
> POINT II: VERDICT MUST ALIGN WITH INDICTMENT.
>
> POINT III: MISAPPLICATION OF THE GRAVES ACT AND [THE NO EARLY RELEASE ACT].[1]
>
> POINT IV: STRUCTURAL ERROR – JURY MISLED BY ALTERED VERDICT SHEET.
>
> POINT V: FRAUD UPON THE COURT BY PROSECUTOR AND TRIAL JUDGE.
>
> POINT VI: MISIDENTIFICATION OF VICTIM AND FACTUAL ERRORS IN [PRE-SENTENCE REPORT].
>
> POINT VII: POST-CONVICTION AMENDMENTS TO THE JUDGMENT OF CONVICTION AND DUE PROCESS VIOLATION.
>
> POINT VIII: DISMISSAL OF AGGRAVATED ASSAULT COUNTS [NINE] AND [TEN].

---

[1] N.J.S.A. 2C:43-6(c); N.J.S.A. 2C:43-7.2.

A-2613-24

POINT IX: SACREDNESS OF THE VERDICT AND JUDICIAL LIMITS.

POINT X: SENTENCING VIOLATION POST-NATALE AND FABRICATION OF AGGRAVATING FACTORS.

POINT XI: IMPROPER USE OF N.J.S.A. 9:6-3 FROM CO-DEFENDANT'S TRIAL TO SUPPORT CRIMINAL RESTRAINT IN DEFENDANT'S CASE.

Having considered defendant's arguments, we affirm for substantially the same reasons expressed by the PCR court in its thorough and well-written opinion. We add the following comments.

We apply a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024). However, a PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023). When petitioning for PCR, a defendant must establish he is entitled "to PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014).

Rule 3:22-12 prescribes the time limitations for filing a PCR petition. In relevant part, the Rule provides no PCR petition "shall be filed . . . more than [five] years after the date of . . . the judgment of conviction that is being challenged." R. 3:22-12(a)(1). This five-year time limitation runs from either

the date of conviction or sentencing, whichever defendant is challenging. State v. Milne, 178 N.J. 486, 491 (2004); State v. Goodwin, 173 N.J. 583, 594 (2002).

To avoid dismissal of a subsequent petition, a defendant must present evidence to satisfy one of three enumerated exceptions: a new rule of law, newly discovered evidence, or ineffective assistance of prior PCR counsel. R. 3:22-4(b)(2). Even when a defendant's PCR contentions fit within these exceptions, a subsequent PCR petition must be filed timely, not "more than one year after the latest" of the exceptions. R. 3:22-12(a)(2); R. 3:22-4(b)(1).

The PCR court properly found defendant's petition was untimely under Rule 3:22-12(a)(2). Defendant's third petition did not plead any one of the three criteria required by the Rule. In addition, the petition was not filed within the applicable time limit, as it was submitted sixty-eight months after our decision in Egipciaco II—well beyond the prescribed deadline. We, therefore, conclude defendant's third PCR petition was properly denied under Rule 3:22-4(b) and Rule 3:22-12(a)(2).

We further conclude defendant's petition failed on the merits. "[PCR] is neither a substitute for direct appeal, . . . nor an opportunity to relitigate cases already decided on the merits." State v. Preciose, 129 N.J. 451, (1992) 459 (internal citations omitted). The merits of defendant's sentencing have already

A-2613-24

been adjudicated both on direct appeal and the sentencing calendar, which "ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Id. at 476 (citing R. 3:22-5). Finally, defendant is precluded from raising the remaining issues in his PCR petition because they could have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

To the extent we have not expressly addressed any arguments made in support of defendant's appeal, we have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

8